UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  9:18-cv-80488-MIDDLEBROOKS/BRANNON

ANGELETTE GREEN,

    Plaintiff,

v.

THE SCHOOL BOARD OF PALM BEACH
COUNTY, FLORIDA

    Defendant.
_____/

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>**

COMES NOW, Defendant, THE SCHOOL BOARD OF PALM BEACH COUNTY, by and through their undersigned counsel, hereby submit their Answer and Affirmative Defenses in response to Plaintiff's Amended Complaint, and further state as follows:

<u>JURISDICTION</u>

1.    Defendants admit for jurisdictional purposes the allegations contained in paragraph 1 of the Amended Complaint that this is an action for damages greater than $15,000, exclusive of interest costs and attorney fees but denies that it violated the law or that Plaintiff is entitled to damages.

2.    Defendants admit for jurisdictional purposes the allegations contained in paragraph 2 of the Amended Amended Complaint that Plaintiff purports to bring claims for discrimination on the basis of her gender in violation of Florida Statute § 760 et.

seq. and the Equal Pay Act of 1963, 29 U.S. C. 206, but denies that it violated the law or that Plaintiff is entitled to damages.

3. Defendants admit for jurisdictional purposes the allegations contained in paragraph 3 of the Amended Amended Complaint that Plaintiff is an individual subject to the protections of Florida Statute §760 et seq. for discrimination on the basis of gender, but denies that it violated the law or that Plaintiff is entitled to damages.

## VENUE

4. Defendants admit for venue purposes the allegations contained in paragraph 4 of the Amended Complaint that Plaintiff is a resident of Palm Beach County, Florida but denies that it violated the law or that Plaintiff is entitled to damages.

5. Defendants admit for venue purposes the allegations contained in paragraph 5 of the Amended Complaint that this cause of action occurred in Palm Beach County, Florida and at all times material hereto, Defendant's principal address is 3330 Forest Hill Boulevard, West Palm Beach, Florida  but denies that it violated the law or that Plaintiff is entitled to damages.

6. Defendants admit for venue purposes the allegations contained in paragraph 6  of the Amended Complaint that venue in Palm Beach County is proper but denies that it violated the law or that Plaintiff is entitled to damages.

## COMMON ALLEGATIONS

7. Defendants admits the allegations contained in paragraph 7 of the Amended Complaint Plaintiff is an individual subject to the protections of  Florida Statute §760 et seq. and the Equal Pay Act of 1963, 29 U.S.C. 206 but denies that it violated the law or that Plaintiff is entitled to damages.

8. Defendants admits the allegations contained in paragraph 8 of the Amended Complaint that Defendant is an employer as that term is defined under Florida Statute §760 et seq. and Equal Pay Act of 1963, 29 U.S.C. 206 but denies that it violated the law or that Plaintiff is entitled to damages.

9. Defendants admits the allegations contained in paragraph 9 of the Amended Complaint that Plaintiff accepted a position with the Defendant as the Director of Investigations on or about July 5, 2016 denies that it violated the law or that Plaintiff is entitled to damages.

10. Defendants admits the allegations contained in paragraph 10 of the Amended Complaint that prior to her acceptance, Plaintiff negotiated her salary terms with Inspector General Lung Chiu but denies that it violated the law or that Plaintiff is entitled to damages.

11. Defendants admits the allegations contained in paragraph 11 of the Amended Complaint that Plaintiff sought to be paid $125,000 salary per year for the position; to which Plaintiff relayed to Inspector General Lung Chiu but denies that it violated the law or that Plaintiff is entitled to damages.

12. Defendant admits the allegation in paragraph 12 of the Amended Complaint that Inspector General Lung responded that he could not pay Plaintiff $125,000 because it was more than he was paying the current Director of Audit but denies that it violated the law or that Plaintiff is entitled to damages.

13. Defendant is without knowledge of the allegation in paragraph 13 of the Amended Complaint that Inspector General Chiu stated to Plaintiff that Chief Lawrence Leon, of the School Police Department (the department which Plaintiff was

leaving), told Chiu that he could not pay Plaintiff more than him and would require strict proof thereof but denies that it violated the law or that Plaintiff is entitled to damages.

14. Defendant admits the allegation in paragraph 14 of the Amended Complaint that Plaintiff later accepted the position with a salary of $116,000 per year but denies that it violated the law or that Plaintiff is entitled to damages.

15. Defendant denies the allegation in paragraph 15 of the Amended Complaint that during Plaintiff's employment, there were two other similarly situated Directors, Mr. Law and Mr. Bliss.

16. Defendant admits the allegation in paragraph 16 of the Amended Complaint that Mr. Law was employed in the position of Director of Audits and was paid $119,000 per year but denies that it violated the law or that Plaintiff is entitled to damages.

17. Defendant admits the allegation in paragraph 17 of the Amended Complaint that Mr. Bliss had previously worked for Defendant and was rehired as the Director of Compliance and Quality Assurance and was paid $127,000 per year but denies that it violated the law or that Plaintiff is entitled to damages.

18. Defendant admits the allegation in paragraph 18 of the Amended Complaint that Plaintiff Green holds a Master's of Science in Public Administration and a Bachelor of Science in Organizational Management with Concentration in Human Resources Development with over thirty (30) years of experience directing investigations but denies that she was similarly situated as the other two Directors in the Department and denies that it violated the law or that Plaintiff is entitled to damages.

19. Defendant denies the allegation in paragraph 19 of the Amended Complaint that despite her educational level and experience, Plaintiff was payed less than her male counterparts and denies that it violated the law or that Plaintiff is entitled to damages.

20. Defendant denies the allegation in paragraph 20 of the Amended Complaint that Mr. Law and Plaintiff have similar job titles and are otherwise comparators; however, Plaintiff is paid less and denies that it violated the law or that Plaintiff is entitled to damages.

21. Defendant admits the allegation in paragraph 21 of the Amended Complaint that Mr. Bliss is paid more than Plaintiff and denies that Plaintiff is similarly situated as Mr. Bliss and denies that it violated the law or that Plaintiff is entitled to damages.

22. Defendant denies the allegation in paragraph 22 of the Amended Complaint that Plaintiff complained about Chiu's discriminatory pay practices to Veronica Rodriguez, Auditor Investigator Senior 2. Defendant admits that Plaintiff complained about Chiu's discriminatory pay practices to Office of Inspector General Attorney Elizabeth McBride. Defendant is without knowledge that Elizabeth McBride responded by saying "Chiu knows 'better than that.'" and requires strict proof thereof. Defendant denies that it violated the law or that Plaintiff is entitled to damages.

23. Defendant denies the allegations in paragraph 23 of the Amended Complaint that in addition to the disparate pay practices which favored men, Chiu has demonstrated animosity towards several other female employees with a common pattern of demeaning and demoralizing treatment, which often resulted in women crying in the workplace and some who filed hostile work environment Amended

Complaints and requires strict proof thereof. Defendant denies that it violated the law or that Plaintiff is entitled to damages.

24. Defendant denies the allegation in paragraph 24 of the Amended Complaint that as a result of Defendant's discriminatory treatment, Plaintiff was constructively discharged on July 10, 2017 and requires strict proof thereof. Defendant denies that it violated the law or that Plaintiff is entitled to damages.

25. Defendant admits the allegation in paragraph 25 that Plaintiff exhausted all remedies prior to bring this lawsuit but denies that it violated the law or that Plaintiff is entitled to damages.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Defendant admits the allegation in paragraph 26 that Plaintiff exhausted all remedies prior to bring this lawsuit but denies that it violated the law or that Plaintiff is entitled to damages.

27. Defendant admits the allegation in paragraph 27 that timely filed a charge of discrimination and that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ["EEOC"] as well as with the Florida Commission on Human Relations [FCHR"] but denies that it violated the law or that Plaintiff is entitled to damages.

28. Defendant admits the allegation in paragraph 28 that it has been more than one-hundred eighty (180) days since the filing of Plaintiff's Charge of Discrimination but denies that it violated the law or that Plaintiff is entitled to damages.

## COUNT I
## EQUAL PAY ACT VIOLATION

29. Defendant denies the allegation in paragraph 29 of the Amended Complaint that Defendant, through it agents or supervisors, underpaid the Plaintiff, a female and denies that it violated the law or that Plaintiff is entitled to damages.

30. Defendant denies the allegations in paragraph 30 of the Amended Complaint that Plaintiff, a female, had similar job descriptions, requiring equal skill, effort, and responsibilities as other similarly-situated men and denies that it violated the law or that Plaintiff is entitled to damages.

31. Defendant denies the allegations in paragraph 31 of the Amended Complaint that Defendant's failure to pay Plaintiff wages comparable with similarly-situated men constitutes a violation of the Equal Pay Act of 1963, 29 U.S.C. 206(d)(1) and denies that it violated the law or that Plaintiff is entitled to damages.

32. Defendant denies the allegation in paragraph 32 of the Amended Complaint that at all time relevant hereto, Defendant had actual or constructive knowledge of the conduct described in Paragraphs 1 through 25 of the Count and denies that it violated the law or that Plaintiff is entitled to damages.

33. Defendant denies the allegation in paragraph 33 of the Amended Complaint that as a result of the Defendant's discriminatory conduct, Plaintiff as paid less than similarly-situated men employees and denies that it violated the law or that Plaintiff is entitled to damages.

34. Defendant denies the allegations in paragraph 34 of the Amended Complaint that as a result of Defendant's conduct, Plaintiff sustained wage loss and denies that it violated the law or that Plaintiff is entitled to damages.

35. Defendant denies the allegations in paragraph 35 of the Amended Complaint that Defendant violated the Equal Pay Act of 1963, 29 U.S.C. 206(d)(1) by refusing to adequately compensate the Plaintiff on the basis of her sex and denies that it violated the law or that Plaintiff is entitled to damages.

36. Defendant denies the allegations in paragraph 36 of the Amended Complaint that Defendant failed to comply with their statutory duty to take all reasonable and necessary steps to ensure equal pay and denies that it violated the law or that Plaintiff is entitled to damages.

37. Defendant denies the allegations in paragraph 37 of the Amended Complaint that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against her which are not yet fully known and denies that it violated the law or that Plaintiff is entitled to damages.

38. Defendant admits the allegations in paragraph 38 of the Amended Complaint that Plaintiff has exhausted her administrative remedies but denies that it violated the law or that Plaintiff is entitled to damages.

39. Defendant denies the allegations in paragraph 39 of the Amended Complaint that as a direct and proximate result of Defendant's violative actions, Plaintiff is entitled to back wages, liquidated damages and other relief that court deems just and proper and requires strict proof thereof. Defendant denies that it violated the law or that Plaintiff is entitled to damages.

40. Defendant is without knowledge as to the allegations in paragraph 40 of the Amended Complaint that as a further and direct proximate result of Defendant's violation, as heretofore described, Plaintiff has been compelled to retain the services of

counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, and requires strict proof thereof. Defendant denies that it violated the law or that Plaintiff is entitled to damages.

41. Defendant denies the allegation in paragraph 41 of the Amended Complaint that Plaintiff's be awarded her attorneys' fees pursuant to the Equal Pay Act of 1963, 29 U.S.C. 206 and denies that it violated the law or that Plaintiff is entitled to damages.

## COUNT II
### GENDER DISCRIMINATION IN VIOLATION OF FLORIDA CIVIL RIGHTS ACT §760

42. Defendant denies the allegations in paragraph 42 of the Amended Complaint that Defendant by and through its managing agents and employees, subjected Plaintiff to gender discrimination and denies that it violated the law or that Plaintiff is entitled to damages.

43. Defendant denies the allegations in paragraph 43 of the Amended Complaint that Defendant's discriminatory conduct violated the Florida Civil Rights Act (FCRA) §760.10(1), Fla. Stat. and that Plaintiff is entitled to damages.

44. Defendant denies the allegations in paragraph 44 of the Amended Complaint that as a direct and proximate result of Defendant's unlawful conduct, acts and/or omissions, Plaintiff has incurred economic losses, including lost wages and lost benefits and requires strict proof thereof. Defendant denies that it violated the law or that Plaintiff is entitled to damages.

45. Defendant denies the allegations in paragraph 45 of the Amended Complaint that as a direct and proximate result of Defendant's unlawful conduct, acts and/or omissions, Plaintiff has been damaged and has experienced pain and suffering, humiliation, mental anguish and inconvenience and requires strict proof thereof. Defendant denies that it violated the law or that Plaintiff is entitled to damages.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses and without conceding that Defendants bear the burden of proof or persuasion as to any of them, Defendants allege as follows:

1. Some or all of Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted as there are no alleged facts as to how she was discriminated against based on her gender.

2. The Plaintiff's claims for damages may be barred, in whole or in part, to the extent she failed to reasonably mitigate her damages because she failed to notify Defendant of the claims to allow Defendant to correct any alleged violations.

3. Any employment actions taken by Defendants were based on legitimate non-discriminatory and non-retaliatory factors.

4. Some or all of Plaintiff's Amended Complaint is barred because she cannot establish

a causal connection between any discriminatory actions by the Defendant based on her gender.

4. Damages claimed by Plaintiff are speculative and therefore not recoverable.

5. Plaintiff is not entitled to punitive or compensatory damages under the Equal Pay Act.  Plaintiff is not entitled to punitive damages under the FCRA.

10

6. Plaintiff acted in such a manner as to cause all or part of her damages as she failed to notify Defendant of any claims and allow Defendant and opportunity to address them, and therefore, recovery, if any, should be barred or reduced accordingly.

7. Plaintiff is not entitled to any damages as she negotiated her salary and the Defendant revised the job description specifically for her at a higher pay level.

7. Defendants are entitled to set-off of all payment by any and all collateral sources for expenses, bills or other obligations that have occurred.

8. Plaintiff's request for attorney fees and costs is discretionary by this Court, therefore, the amount awarded, if any, must be limited by requirements of the statutes, including, but not limited to the pre-requisite that Plaintiff is successful in the merits and the requisite requirement that the fees and costs awarded be reasonable and necessary.

9. Plaintiff has sustained no injury or damage cognizable by law as a result of any action or inaction taken by the Defendants.

10. Plaintiff is barred from recovery because no adverse action was taken against the Plaintiff because of any rights she allegedly exercised.

11. Plaintiff has failed to demonstrate that any alleged adverse actions or injuries were causally related to any rights she allegedly exercised.

12. Defendants are not liable for any acts or omissions of its employees committed outside the course and scope of their employment.

13. Without conceding that any inappropriate or illegal behavior occurred regarding any actions effecting Plaintiff's employment, all decisions regarding her employment were

based on legitimate business decisions that were in no way related to any alleged protected activity by Plaintiff.

14. Without conceding that any inappropriate or illegal behavior occurred, all the employment decisions related to Plaintiff were performed or carried out in good faith based upon reasonable grounds for believing the conduct was in the best interest of the Plaintiff and Defendants.

15. Plaintiff did not suffer any adverse employment action for, because, or based upon any discriminatory motive based on her gender, and as such, she is barred from recovery.

16. Without conceding that any inappropriate or illegal behavior occurred, even if Plaintiff can state a claim, which she cannot, Defendants reserve the right to rely on a "mixed motive" defense because even if Plaintiff provides evidence that Defendants, in making any alleged adverse employment decisions, were motivated in part by impermissible consideration, Defendants would have taken the same employment action even in the absence of the alleged impermissible consideration.

17. At all times, Defendant acted with reasonable care towards Plaintiff.

18. Plaintiff failed to exhaust her contractual remedies.

19. At all times, Defendants took prompt immediate action upon receiving notice of any discrimination, in that, it undertook an investigation of allegations made known to Defendants in an effort to arrive at a reasonably fair estimate of the truth.

20. The Plaintiff's claims may be barred by the doctrine of after-acquired evidence once the Defendant has undertaken more detailed discovery.

21. Plaintiff's claims should be dismissed to the extent that they were not set forth in her administrative charge.

22. Plaintiff's claims are barred by the defense of waiver.

23. The Defendant cannot be held liable for any alleged wage disparity because any such disparity was the result of Plaintiff not having the extensive qualifications and experience as her comparators and had nothing to do with her being a female.

WHEREFORE, Defendants pray that its Answer and Affirmative Defenses be deemed good and sufficient, and that after due proceedings, there be judgment in their favor and against Plaintiff, dismissing the Amended Complaint *with prejudice* at Plaintiff's cost.

Respectfully submitted May 10, 2018.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Counsel for the Plaintiff, Cathleen Scott, Esq., 250 South Central Blvd., Suite 104-A, Jupiter, FL 33458 at CScott@scottwagnerlaw.com, ashley@scottwagnerlaw.com, and mail@scottwagnerlaw.com, by transmission of Notices of Electronic Filing generated by CM/ECF.

                                              THE SCHOOL BOARD OF PALM
                                              BEACH COUNTY, FLORIDA
                                              JulieAnn Rico, Esq. - General Counsel
                                              3300 Forest Hill Blvd., Suite C-331
                                              West Palm Beach, FL  33406
                                              Telephone: 561-434-8750
                                              Facsimile:  561-434-8105

                                              By:   /s/ Jean Marie Middleton
                                                   JEAN MARIE MIDDLETON, ESQ.

Florida Bar No. 147532
Counsel for the Defendant
jean.middleton@palmbeachschools.org
karlene.stevens@palmbeachschools.org
tish.pickens@palmbeachschools.org